**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| LEARNING RESOURCES, INC., | ) | |
| | ) | |
| *Plaintiff,* | ) | |
| | ) | |
| v. | ) | Case No: |
| | ) | |
| EDUCATION.COM HOLDINGS, INC. | ) | |
| | ) | |
| *Defendant.* | ) | **Jury Trial Demanded** |
| | ) | |
| | ) | |

<u>**Complaint**</u>

Plaintiff Learning Resources, Inc. ("Learning Resources" or "LR") complains against Defendant Education.com Holdings, Inc., sometimes doing business as Education.com, Inc. ("Education.com" or "EH"), as follows:

*Nature of the Case*

1.      Defendant Education.com is unfairly exploiting the reputation and goodwill of plaintiff Learning Resources' trademarks by using the name "Learning Resources" on its website to drive traffic and lure consumers to its website and increase its sales.

2.      Learning Resources, including its division Educational Insights, develops, makes, and sells award-winning educational products, including toys, games, and publications.  Since its founding in 1984, Learning Resources has built a reputation for innovative, high-quality products.  Learning Resources' products are used by school children and school teachers in kindergarten, primary school, and middle school, as well as families at home.  Learning Resources sells its products under the LEARNING RESOURCES and EDUCATIONAL INSIGHTS brands through a worldwide network of educational product dealers and

representatives, toy and specialty stores, web merchants, direct mail catalogs, and its own websites (www.LearningResources.com and www.educationalinsights.com).

3.     Upon information and belief, Education.com was founded in 2007 and owns and operates the website www.Education.com (the "Education.com website"). The Education.com website is an interactive website that offers activity instructions, worksheets, workbooks, educational games, lessons plans, and other content for students in preschool through high school, with a concentration in the preschool through third grade levels. The Education.com website offers privileged access to paid content available on the website based on membership status. A basic membership provides free, but restricted, access to content on the website. Premium memberships require a paid subscription and provide additional or unrestricted access to content on the website. Upon information and belief, Education.com does not offer access to its content other than through its website.

4.     Learning Resources does not sponsor, endorse, or approve any of Education.com's products and Education.com does not resell Learning Resources' products. Education.com, however, uses "Learning Resources" repeatedly on its website and in the website's metadata to market, advertise, and sell its products and to boost the rank or prominence of its website when the public conducts internet searches for the "Learning Resources" name.

5.     Education.com's unauthorized use of "Learning Resources" is intended to unlawfully reap the benefits of the goodwill and reputation of the LEARNING RESOURCES trademarks by misdirecting consumers expecting to purchase Learning Resources' products to Education.com's website and products. Education.com's use of "Learning Resources" is likely to deceive and confuse the public as to an association or affiliation between Education.com and its products and Learning Resources and its products, thereby irreparably harming Learning

Resources' reputation in the children's educational-product marketplace. The likelihood of confusion is increased by the similarity of Education.com's name to the name and registered service mark of Learning Resources' division EDUCATIONAL INSIGHTS.

*Parties*

6.     Plaintiff Learning Resources, Inc. is a corporation duly organized and existing under the laws of the State of Illinois. Learning Resources has its principal place of business at 380 North Fairway Drive, Vernon Hills, Illinois.

7.     Defendant Education.com Holdings, Inc. is a corporation organized and existing under the laws of the State of Delaware. Education.com has its principal place of business at 333 South B Street, Unit 101, San Mateo, California.

8.     This action arises under the Lanham Act, 15 U.S.C. §§ 1051, *et seq.*, the Illinois Uniform Deceptive Trade Practices Act, 815 ILCS §§ 510/1-510/7, and Illinois common law.

9.     This Court has jurisdiction over this action pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1332, 1338(a) and (b), and 1367(a). The matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs.

10.    This Court has personal jurisdiction over Education.com because Education.com is transacting business and has committed tortious acts complained of in this Complaint within this state and judicial district. Education.com operates an interactive e-commerce website (www.Education.com) which bears the term "Learning Resources" through which Illinois residents can purchase membership and access to Education.com's products. Upon information and belief, Education.com has sold memberships or provided access to its products through its website to residents of Illinois. For example, School District 54 of Schaumburg, Illinois, comprised of 21 elementary schools, 5 junior high schools, and one combined K-8 school, states

in a check registry on its own website that it has purchased products from Education.com.  True

and correct copies of an excerpt from "Check Registry for 2016-17," available at

https://sd54.org/resources/finances/, and related District 54 web pages are attached to this

Complaint, except that markings have been added for emphasis.  (*See* **Ex. A**.)  In addition,

School District 308 of Oswego, Illinois, comprised of 22 elementary, junior high, and high

schools, provides links to the Education.com website on its own website, thereby facilitating the

purchase of Education.com products.  True and correct copies of a screenshot of a search results

page from the District 308 website, available at

https://www.sd308.org/site/Default.aspx?PageType=6&SiteID=4&SearchString=education.com,

and a related District 308 web page at www.ptag308.org/resources.html are attached to this

Complaint, except that markings have been added for emphasis.  (*See* **Ex. B**.)  Further, at least

one teacher, Christina Chapan, at the Illinois School, which is part of School District 162 of

Matteson, Illinois, links the Education.com website to the District 162 website and lists it among

the "helpful websites we are working on daily in the classroom."  A true and correct copy of a

Christina Chapan's District 162 web page at https://www.sd162.org/Page/2750 is attached to this

Complaint, except that markings have been added for emphasis.  (*See* **Ex. C**.)

       11.     Further, Education.com has solicited business from Illinois residents using

targeted marketing materials that unlawfully display Plaintiff's LEARNING RESOURCES

trademark.  For example, on or about June 1, 2018, Education.com sent an email to an employee

of hand2mind, Inc. of Vernon Hills, Illinois, inviting hand2mind, Inc. to "Join millions of

members" and offering "Learning Resources" which are "[u]sed by millions of parents, teachers,

and homeschoolers."  A true and correct copy of an email dated June 1, 2018 from

Education.com to hand2mind, Inc. is attached to this Complaint, except that markings have been

added for emphasis. (*See* **Ex. D**.) Moreover, between April 2010 and December 2017, Education.com had an employee, Clarisse Chalgren, in Illinois responsible for establishing and managing a Midwest office for Education.com. A true and correct copy of a LinkedIn profile for Clarisse Chalgren, available at https://www.linkedin.com/in/clarisse-challgren-39bb574/, is attached to this Complaint, except that markings have been added for emphasis. (*See* **Ex. E**.)

12.     Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391.

### *Factual Background*

13.     Learning Resources was founded in 1984 and is known for its innovative products and high-quality education materials.

14.     Learning Resources designs, arranges for the manufacture, and sells a variety of hands-on educational products, including play and learning activity sets, manipulatives, and games that build foundational skills in various subject areas as well as other educational products, such as rulers, balances, demonstration and student clocks, and teaching publications, classroom supplies, classroom storage and organizational supplies, teaching supplies, demonstration materials, and educational activity books. These products typically are used by school children, their parents or care-givers, and school teachers in kindergarten, primary school, and middle school.

15.     Learning Resources principally sells its products through its network of authorized dealers (such as web merchants, stores, catalog companies, sales organizations and other resellers). Learning Resources' dealers resell its products to schools, teachers, consumers, and others. Learning Resources' dealers will sometimes repackage Learning Resources' products with other products to create "kits" that may be sold to schools or other educational providers to teach specific concepts. Learning Resources also sells its products through toy and

specialty stores, direct mail catalogs, and its own websites (www.LearningResources.com and www.educationalinsights.com), and through online marketplaces and retail websites such as Amazon.com and Walmart.com.

16.     Plaintiff has continuously used "Learning Resources" as its company or trade name and as the trademark for its products since 1984.  Learning Resources considers its trade name and trademarks to be among its most valuable assets.

17.     Learning Resources owns the following trademarks and corresponding U.S. Trademark Registrations (collectively, the "LEARNING RESOURCES Marks"):  (a) Registration No. 1,380,334, duly issued by the United States Patent and Trademark Office on January 28, 1986, for the mark LEARNING RESOURCES for a wide range of children's educational materials and products;  (b) Registration No. 2,161,378, duly issued by the United States Patent and Trademark Office on June 2, 1998, for the mark LEARNING RESOURCES for a wide range of educational scientific apparatus and products such as educational books and texts and educational toys and games;  and (c) Registration No. 5,098,134, duly issued by the United States Patent and Trademark Office on December 13, 2016, for the mark LR LEARNING RESOURCES and design for a wide range of electronic learning aids and other educational toys, games, and publications.  Registration Nos. 1,380,334 and 2,161,378 are incontestable pursuant to 15 U.S.C. §1115(b).  True and correct copies of the registration certificates are attached to this Complaint.  (*See* **Exs. F, G**, and **H**.)

18.     Learning Resources has extensively and continually promoted its LEARNING RESOURCES Marks.  Learning Resources has expended substantial amounts of time, effort, and money to cause the public to identify and associate its LEARNING RESOURCES Marks exclusively with it.  As a result, Learning Resources has achieved a valuable reputation for

providing innovative, high-quality educational products.  Learning Resources enjoys substantial demand for and use of its products as well as tremendous goodwill in its LEARNING RESOURCES Marks.

19.     Learning Resources markets its "Learning Resources" brand via online videos, retail displays, catalogs, and tradeshows, television appearances, social media, email, contests, blogs, You tube and other social influencers, paid search advertisements and online display and video advertisements appearing on thousands of websites.

20.     Learning Resources has won hundreds of awards for its "Learning Resources" brand products.

### *Education.com's Unlawful Conduct*

21.     Upon information and belief, for the period 2007 (when Education.com was formed) until about February 2016, Education.com did not reference or display "Learning Resources" on the Education.com website.  A true and correct copy of a screenshot of the Education.com home page archived by www.web.archive.org dated February 23, 2016, is illustrated below.





22.     Upon information and belief, in or about 2016, Education.com began improperly and unlawfully using the term "Learning Resources" on its website to market its products and continues to do so, notwithstanding the fact that Learning Resources had previously used its brand name "Learning Resources" for over 30 years and had obtained federal trademark protection for its LEARNING RESOURCES Marks.  This webpage uses "Learning Resources" in ways similar to the ways dealers of Learning Resources products use "Learning Resources" to identify themselves as resellers of Learning Resources products.  A true and correct copy of a screenshot of the web page at https://www.education.com/resources/ from the Education.com website is illustrated below, except that markings around the references to "Learning Resources" in the screenshot have been added for emphasis.



23.    As a result of Education.com's use of the term "Learning Resources" on the

Education.com website and in the website's metadata, the Google search engine prominently

displays the headline "Learning Resources │ Education.com" for the Education.com website on

the first page of the natural search results returned when the public searches the name "Learning

Resources."  The text below this headline states that "In this day and age, learning resources

have moved online ….", replicating the text of Education.com's webpage shown in paragraph

22.  Education.com is therefore using "Learning Resources" to deliberately boost the rank of its

website in the search results, advertise its business, and suggest that it is an "online" reseller of

Learning Resources' products.  The search result for Education.com is juxtaposed with Google-

generated corporate information about Learning Resources, Inc., creating the implication that

Education.com is part of Learning Resources, Inc.  A true and correct copy of a screenshot of the

first results page for a Google search for "Learning Resources" is illustrated below, except that a marking around the Education.com result in the screenshot has been added for emphasis.



24.    As a result, when a person conducts an internet search for "Learning Resources," Education.com's use of the term "Learning Resources" causes the Google search engine to direct the person searching for "Learning Resources" to the Education.com website, even though Education.com does not offer Learning Resources' products on its website.  Upon clicking the search result "Learning Resources │ Education.com," the person searching for "Learning Resources" sees Education.com's website and, more specifically, sees the page shown in ¶ 22 of this Complaint entitled "Learning Resources."  Both the natural search results on Google and Education.com's own website (https://www.education.com/resources/) state that "learning resources have moved online," seemingly confirming that Learning Resources has "moved" its educational content to digital offerings on Education.com.

25.    The natural search results returned by the Google search engine for the name "Learning Resources" demonstrate the likelihood of confusion.  The link to the Education.com

website is surrounded by links to Learning Resources and Learning Resources' resellers' web sites and information about Learning Resources and its products.  All other uses of the name "Learning Resources" on the first page of the natural search results returned by Google relate to paid advertisements purchased by Learning Resources, Learning Resources' own website, or to web pages displaying Learning Resources' products by its authorized resellers, such as Walmart.com and Amazon.com.

26.     On June 7, 2018, Mr. Richard Woldenberg, Chief Executive Officer of Learning Resources, sent a message to Mr. Todd Schwartz, Co-Chief Executive Officer of Education.com, via LinkedIn.  Mr. Woldenberg informed Mr. Schwartz of Education.com's unauthorized use of the trademark "Learning Resources" on its website.  Mr Woldenberg requested that Education.com replace the term to avoid confusion.

27.     On June 12, 2018, Mr. Schwartz responded to Mr. Woldenberg via LinkedIn stating that Education.com believed its use of the term is not infringing.

28.     On June 12, 2018, Mr. Woldenberg replied to Mr. Schwartz reiterating Learning Resources' concern with Education.com's use of "Learning Resources" on its website.  Mr. Woldenberg asked to schedule a call with Mr. Schwartz to discuss an amicable resolution of the dispute.  Mr. Schwartz accepted Mr. Woldenberg's invitation for a call on the same day by email.  On June 13, 2018, Mr. Woldenberg sent another email to Mr. Schwartz with a suggestion:  "Todd, further to my last message, one idea we have is that you could change the title of the 'Learning Resources' page to something similar like 'Library of Resources,' 'Learning Help,' 'Resource Worksheets' or some such.  We are hopeful that a solution of that nature could meet both of our needs with minimal inconvenience or expense on your end."

29.     On June 20, 2018, Mr. Woldenberg spoke with Mr. Schwartz via telephone.  In sum and substance, Mr. Woldenberg noted again that Learning Resources believes Education.com's use of the term "Learning Resources" is causing and will continue to cause confusion with Plaintiff's LEARNING RESOURCES Marks.  Mr. Woldenberg informed Mr. Schwartz of the strong marketing efforts Learning Resources has made since its founding in 1984 to raise consumer awareness of its LEARNING RESOURCES Marks and that Learning Resources is very well-known for these marks.  Mr. Woldenberg explained that Learning Resources would prefer to resolve the matter amicably and proposed an inexpensive solution achieved over a reasonable period of time to relieve any business disruptions to Education.com.

30.     In sum and substance, Mr. Schwartz confirmed that he, too, was interested in an amicable and low-cost resolution of the dispute.  Mr. Schwartz emphasized that while he wished to avoid a conflict with Learning Resources, "his web people" told him that the ranking of the Education.com website in Google's natural search results for the term "Learning Resources" is very profitable for Education.com.  Mr. Schwartz stated that Education.com could not afford to walk away from that revenue stream.  Mr. Schwartz also stated that Education.com could not find a suitable solution that would avoid use of the term "Learning Resources" while preserving the revenue from the natural search results for "Learning Resources."  He stated that no term other than "Learning Resources" would suffice for this reason.

31.     Mr. Schwartz questioned Mr. Woldenberg about other natural search results for "Learning Resources," asking how companies like Amazon, Walmart, and Target were able to use the term "Learning Resources" on their websites.  Mr. Woldenberg advised that he was not aware of any website using that term for any purpose other than to refer to the products of his company and noted that these companies were all customers of Learning Resources, Inc. (*i.e.*,

resellers of its products). At the conclusion of the conversation, Mr. Schwartz agreed to consult

his team and present a proposal to resolve the dispute after Education.com's next Board meeting

in early July, 2018

32.     Later on June 20, 2018, Mr. Woldenberg wrote Mr. Schwartz to confirm the

content of their conversation and to follow up on Mr. Schwartz's questions about other sites' use

of the term "Learning Resources":

> I wanted to respond to one point that you made in our conversation. You
> asked about the 'Learning Resources' page on Walmart.com, Target.com and
> Amazon.com. I have attached a screenshot of the search results for "learning
> resources" on Google, and the **only** link that does not refer to our company or
> our products is the fourth link, which refers to your company. The top listing
> is a paid advertisement that we purchase from Google AdWords, and as you
> can also see, our company comes up as the first natural search result and on
> the right panel in a profile. All of the other links are to our product pages on
> various websites. None of the sites you referenced use the term "learning
> resources" as a category. Those prominent sites use "Learning Resources" in
> a trademark sense to only refer to us, which is proper since they are all
> reselling our products. This illustrates the problem with Education.com and
> actually suggests that your company may be benefiting from our goodwill
> through use of our tradename as a descriptor. Hence my interest in resolving
> this issue quickly and avoiding confusion.

33.     Having received no response from Mr. Schwartz in early July, Mr. Woldenberg

sent two emails to Mr. Schwartz on July 11 and 18, 2018, asking for Education.com's proposal

to resolve the dispute.

34.     On July 26, 2018, Mr. Schwartz called Mr. Woldenberg and advised him that

after reviewing the use of the term "Learning Resources" on the Education.com website,

Education.com had concluded that no other term in the English language could suffice to

accurately describe Education.com's products and therefore Education.com had decided that it

would not remove "Learning Resources" from its website. Mr. Schwartz suggested that the

parties simply agree to coexist.  Mr. Woldenberg informed Mr. Schwartz that Education.com's proposal was unacceptable.

35.    Despite this notice from Learning Resources, Education.com has used and continues to unlawfully and intentionally use and display "Learning Resources" on the Education.com website to unfairly advertise, market, and sell its products, all to Learning Resources' detriment.

## COUNT I
### *Lanham Act Violation - Federal Trademark Infringement*

36.    Learning Resources incorporates the allegations of Paragraphs 1-35 of this Complaint by reference into this Count as though fully set forth herein.

37.    Learning Resources owns valid and enforceable rights in the LEARNING RESOURCES Marks in connection with the products listed on Exs. F, G, and H throughout the United States of America.

38.    Notwithstanding Learning Resources' prior, continuous, and extensive use of the LEARNING RESOURCES Marks, Education.com is using, reproducing, counterfeiting, copying, or imitating the LEARNING RESOURCES Marks in association with its products, on its Education.com website and elsewhere.  Consequently, Education.com is unfairly gaining a prominent ranking in natural search results on the internet for the term "learning resources."

39.    Education.com's use of "Learning Resources" in commerce is likely to cause confusion, mistake, or deception as to the source, affiliation, connection, or association of Education.com's business and products in violation of 15 U.S.C. § 1114.

40.    Education.com's actions constitute willful infringement, or inducing or contributing to the willful infringement, of Plaintiff's LEARNING RESOURCES Marks.

41.     Unless enjoined by the Court, Education.com will continue to do the acts complained of herein and cause damage and injury, all to Learning Resources' irreparable harm and Education.com's unjust enrichment.

## COUNT II
### *Lanham Act Violation - Federal Unfair Competition*

42.     Learning Resources incorporates the allegations of Paragraphs 1-35 of this Complaint by reference into this Count as though fully set forth herein.

43.     Education.com's unlawful use in commerce of "Learning Resources" in association with its products, on its Education.com website, and elsewhere constitutes false designation of origin and false description because the unlawful use is likely to cause confusion, or to cause mistake, or to deceive the public as to the affiliation, connection, or association of Education.com and Education.com's products with Learning Resources and its LEARNING RESOURCES Marks and products, or mislead the public into believing that Learning Resources is the origin of, or has sponsored or approved of Education.com, its website, and its products.

44.     Education.com's acts described herein constitute a willful violation of 15 U.S.C. § 1125(a).

45.     Unless enjoined by the Court, Education.com will continue to do the acts complained of herein and cause damage and injury, all to Learning Resources' irreparable harm and Education.com's unjust enrichment.

## COUNT III
### *Common Law Trademark Infringement*

46.     Learning Resources incorporates the allegations of Paragraphs 1-35 of this Complaint by reference into this Count as though fully set forth herein.

47.     By reason of the foregoing, Learning Resources has acquired common law trademark rights in the LEARNING RESOURCES Marks and the "Learning Resources" trade name.

48.     Notwithstanding Learning Resources' prior, continuous, and extensive use of the LEARNING RESOURCES Marks and the "Learning Resources" trade name, Education.com is using, reproducing, counterfeiting, copying, or imitating the LEARNING RESOURCES Marks and the "Learning Resources" trade name in association with its products, on its Education.com website and elsewhere.  Consequently, Education.com is unfairly gaining a prominent ranking in natural search results on the internet for the term "Learning Resources."

49.     Education.com's use in commerce of "Learning Resources" is likely to cause confusion, mistake, or deception as to the source, affiliation, connection, or association of Education.com's business and products in violation of the common law of the State of Illinois.

50.     Education.com's actions constitute willful infringement, or inducing or contributing to the willful infringement, of Learning Resources' common law trademark rights in the LEARNING RESOURCES Marks and the "Learning Resources" trade name.

51.     Unless enjoined by the Court, Education.com will continue to do the acts complained of herein and cause damage and injury, all to Learning Resources' irreparable harm and Education.com's unjust enrichment.

## COUNT IV
### *Illinois Deceptive Trade Practices Act*

52.     Learning Resources incorporates the allegations of Paragraphs 1-35 of this Complaint by reference into this Count as though fully set forth herein.

53. Learning Resources is using the LEARNING RESOURCES Marks in commerce to identify its products and to distinguish Learning Resources' educational products from the products of others.

54. After Learning Resources began using the LEARNING RESOURCES Marks for its products, Education.com began using "Learning Resources" in commerce to identify Education.com and its educational products.

55. Education.com's acts constitute a violation of the Illinois Deceptive Trade Practices Act, 815 ILCS § 510, because Education.com has passed off and is passing off its products as Learning Resources' products; has caused and is causing a likelihood of confusion or misunderstanding as to the source, sponsorship, approval, or certification of goods or services; has caused and is causing a likelihood of confusion or misunderstanding as to affiliation, connection, or association with or certification by Learning Resources; and has misrepresented and is misrepresenting that its products have the sponsorship, approval, or characteristics of Learning Resources.

56. Unless enjoined by the Court, Education.com will continue to do the acts complained of herein and cause damage and injury, all to Learning Resources' irreparable harm and Education.com's unjust enrichment.

*Prayer for Relief*

Learning Resources respectfully requests that the Court enter judgment in favor of Learning Resources and against Education.com on Counts I through IV of this Complaint, granting the following relief:

a) judgment that Defendant has directly infringed, induced infringement of, or contributed to the infringement of Plaintiff's trademarks;

b) judgment that Defendant has engaged in unfair competition;

c) an injunction against Defendant, its officers, agents, servants, employees, successors, assigns, parents, subsidiaries, affiliated or related companies, attorneys, and all others in active concert or participation with Defendant or who receive notice of such injunction, permanently enjoining and restraining them from: (i) using the term "Learning Resources" on Defendant's websites, in metadata for Defendant's websites, and elsewhere, and from using, affixing, offering for sale, selling, advertising, promoting or rendering goods or services with "Learning Resources" or any other trade name or trademark confusingly similar to the LEARNING RESOURCES Marks; (ii) the use of any false descriptions or representations or any false designations of origin or from otherwise committing any acts of unfair competition likely to cause confusion with the LEARNING RESOURCES Marks; (iii) use of any terms likely to cause confusion with the LEARNING RESOURCES Marks in connection with advertisements in any form, including, without limitation, advertisements for display on internet search engines or for the purpose of bolstering the position of Defendant's website ranking on the results page of an internet search engine;

d) an order that Defendant be directed to file in Court, and to serve on Plaintiff, within thirty (30) days after entry of the above injunction, a report in writing, under oath, setting forth in detail the manner and form in which it has complied with the injunction;

e) an order that Defendant be required to account for and pay over to Plaintiff all actual damages suffered by Plaintiff; all gains, profits, and advantages derived by Defendant from Defendant's infringement of Plaintiff's LEARNING RESOURCES Mark, Defendant's aforesaid acts of unfair competition, and other unlawful acts; and such damages as the Court shall deem proper;

f) judgment that Defendant's infringement of Plaintiff's LEARNING RESOURCES Marks has been willful and that this constitutes an exceptional case;

g) trebling of damages pursuant to 15 U.S.C. § 1117;

h) an award of increased damages to fully compensate Plaintiff and punitive damages for the willful and wanton nature of Defendant's wrongful acts;

i) an award to Plaintiff of its costs and expenses, including reasonable attorneys' fees; and

j) any and all such other and further relief as this Court deems fair and equitable.

*Jury Demand*

Learning Resources demands a trial by jury on all matters and issues properly tried to a

jury pursuant to Federal Rules of Civil Procedure 38 and 39, and other applicable federal and

state law.


Dated: August 27, 2018                          */s/ Arthur Gollwitzer III*

                                Arthur Gollwitzer III  (6225038)
                                  agollwitzer@michaelbest.com
                                Larry L. Saret  (2459337)
                                  llsaret@michaelbest.com
                                Mircea A. Tipescu  (6276053)
                                  matipescu@michaelbest.com
                                MICHAEL BEST & FRIEDRICH LLP
                                444 WEST LAKE STREET, SUITE 3200
                                CHICAGO, ILLINOIS  60606
                                TELEPHONE:  312.222.0800
                                FACSIMILE:  312.222.0818

                                *Attorneys for Plaintiff*